[See Case No. 16,185, and note.]

## Case No. 16,183.

UNITED STATES v. RODRIGUEZ.

[1 Cal. Law J. 363.]

District Court, N. D. California. July 11, 1862.

MEXICAN LAND GRANT — LOCATION — DEFICIENCY IN QUANTITY.

[There is no principle or authority for decreeing to a grantee an equivalent for a deficiency within his exterior boundaries out of a sobrante (surplus or excess), accidentally found to exist within the exterior boundaries of a neighboring grant.]

BY THE COURT. In the opinions heretofore delivered in this case [see Case No. 16,185 and note] it was considered that the land granted to the claimant was bounded on the south by the Arroyo de los Frijoles, on the west by the sea, and on the east by the sierra. The northern boundary is not mentioned in the grant. But, as that instrument professes to be merely a ratification of a previous provisional concession, and as the provisional concession described the tract as the land of Butano, "as shown in the expediente," the map found in the expediente, and which constituted the only means of identifying the land provisionally granted, was referred ror the ascertainment of the northern boundaries. On this map the Arroyo del Butano is clearly laid down as the northern boundary of the tract, the lands to the north of it being inscribed as those of Gonzales. On the diseño of Gonzales, the Butano is, in like manner, laid down as the southern boundary, and both the decree of concession and the grant describe his land as bounded by the rancho of Buelna, the sierra, the coast, and the Arroyo del Butano.

There was much reason to contend that the grant to Gonzales, which was older than that to Rodriguez, was intended to embrace all the land within his external boundaries. The supreme court, however, seem to have thought that he should be restricted to three-fourths of a league, to be surveyed within his out-boundaries. But there can be no doubt that the external boundaries, within which his land was to be taken, were the rancho of Buelna, the sierra, the sea, and the Arroyo del Butano. On the diseño of Gonzales, the Butano is represented as flowing with a slight curve, from the sierra to the sea. On the diseño of Castro the arroyo supposed to be the Frijoles, is also delineated as flowing in a general westerly direction from the sierra to the sea. It appears, however, that the course of both of these creeks is, for some distance, not far

from parallel to the sierra, after which they deflect to the west, and fall into the ocean in such a manner as that their lower portions might be conveniently adopted as the northern and southern boundaries of the rancho. As the grant called for the sierra as the eastern boundary, and the quantity granted and confirmed was one square league, it appeared to me reasonable to adopt the Butano only so far as it could serve as a northern boundary to the rancho; and not, by following its course where it flows nearly parallel to the sierra, make it serve as the eastern boundary, also thus cutting off the grant from the sierra called for as boundary. The diseño of Rodriguez represents neither the sierra nor the upper part of the Butano. It delineates a small and readily identified tract, between the two streams and the ocean. But the petition which this diseño accompanied, was for a tract half a league in extent. The provisional grant was for a tract of one league, and the title which ratified was for one league bounded by the sea, the sierra, and the rancho of Castro, on the south. I therefore consider that in order to meet the call for the sierra, and to obtain, if possible, the quantity, the northern line should follow the Butano so far as it was delineated on the diseño, where it was evidently intended to represent the northern boundary of the half league, originally solicited, and thence in a direct line to the sierra, crossing the Butano at or near the point where its course in ascending it deflects to the south, and becomes parallel with the sierra.

It is now sought to obtain the quantity, not by running from this point easterly to the sierra, but by turning abruptly to the north at nearly right angles to the course of the Butano, and parallel to the sea, to include the sobrante of the Gonzales grant, left vacant by the restriction of the latter to a tract of only three-fourths of a league. The land so included is clearly within the exterior boundaries of Gonzales, and the survey would include a considerable portion of the Pescadero creek, represented on the Gonzales diseño as flowing diagonally through nearly the centre of the tract. It would embrace land always claimed by Gonzales, included within his boundaries delineated on his diseño, and to the whole of which there is much reason to suppose, as contended by his counsel, his title should have been confirmed. That no portion of it could have been intended to be given by a subsequent grant to Rodriguez is manifest. His diseño represents no part of it, but recognizes the land on the north of the Butano as belonging to Gonzales. His grant does not call for it, for it merely describes the land as bounded by the sierra, the sea, and the rancho of Castro. Gonzales reports that the land asked for by Rodriguez is vacant, which he assuredly would not have done if it had been supposed to include any part of the land previously granted to himself.

I am unable to perceive on what principle, or by what authority, I can, in effect, decree an equivalent to Rodriguez for any deficiency of quantity within his exterior boundaries out of a sobrante accidentally found to result within the exterior boundaries of his neighbor. With respect to the southern boundary, it is to be observed that the Arroyo Frijoles was, at the urgent suggestion of the counsel for and owner of the Rodriguez claim, adopted as to the southern boundary of the latter and the northern boundary of the Castro grant.

The lands of Castro unquestionably extended from the sierra to the sea, and from the lands of Hilario Buelna, on the south, to an arroyo on the north. The arroyo was delineated on the diseño as running from the sierra to the sea. After much consideration it appeared to me that the arroyo intended was the Frijoles, notwithstanding that the grant called for the lands of Gonzales as the northern boundary of Castro, and the Gonzales rancho was confessedly bounded by the Butano. Had the latter stream been adopted as the boundary of Castro, the effect would have been to exclude altogether the grant to Rodriguez, for the grants to Gonzales and Castro would have been coterminous.

The Arroyo de los Frijoles having been thus adopted as the northern boundary of Castro, it became of necessity the southern boundary of Rodriguez, as required by the grant, and suggested in the report of Jimeno, who recommends the grant with the express understanding that "it is to be without prejudice to the rights of the heirs of the deceased Simeon Castro." It is now said that the Arroyo Frijoles in its upper portion is indistinctly traceable, and that it could not serve as a boundary in its whole course from the sierra to the sea. If this be so, it affords an argument against the adoption of that stream as the northern boundary of Castro, and it may justify the inference that the court should have taken the Butano as the boundary, thus excluding the Rodriguez grant altogether. But it hardly lies in the mouth of the present owner of both ranchos to make the objection, as the Frijoles was adopted as the dividing line between the ranchos at his suggestion, and in conformity with the agreement strenuously urged by himself.

Assuming the decision of the court to be correct, and any other supposition would prevent any location whatever of the Rodriguez claim, it is clear that the boundary of Castro was a stream flowing from the sierra to the sea, and, as that stream is decided to be the Frijoles, the latter must be adopted throughout its whole extent. The survey should, therefore, be made by adopting, as the true northern line of Castro, the Arroyo de los Frijoles from the sierra to the sea. If it should be found that the sierra cannot be reached by ascending the Frijoles,

then the stream is to be ascended to the point where it approaches nearest to the sierra, and the southern boundary is to be completed by a drawing. The eastern boundary is the sierra; his western boundary the sea, and his northern line will be run by following up the Butano as far as it is delineated on the diseño, which is supposed to be not far distant from the point where its course, in ascending it, deflects towards the south, and thence, in a straight line, to the sierra. If, within these boundaries the quantity cannot be obtained, it will be the not very unusual case where the exterior boundaries contain less than the quantity supposed. If such should prove to be the fact, it is no doubt due to the extraordinary and unaccountable circumstance that the governor in this case appears to have granted twice the quantity of land solicited by the petitioner and delineated on his diseño, and in respect to which alone all the informes and reports were given. The survey herein directed will assume, substantially, the form of that certified by the surveyor-general to be in accordance with the opinion of this court heretofore rendered.

The surveyor-general, having made two plats since the opinion heretofore delivered, and the same having been informally submitted for approval, though not filed in the clerk's office, and the interested parties having been informally heard in chambers, the above is intended as a supplemental opinion for the guidance of the surveyor-general, to be taken as a part and explanatory of the opinion heretofore delivered. Anything contained in the order heretofore made, supposed to be in conflict with the views herein expressed, is to be taken as vacated and annulled.

[The final decree locating the claim was affirmed in 1 Wall. (68 U. S.) 582.]